UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| JANE DOE, | Civil Action No. |
| | 2:18-CV-13539-ES-SCM |
| Plaintiff, | |
| v. | **OPINION AND ORDER ON** |
| | **PLAINTIFF'S MOTION** |
| FELICIAN UNIVERSITY, | **TO PROCEED ANONYMOUSLY** |
| | |
| Defendant. | **[D.E. 16, 18]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before this Court is Plaintiff Jane Doe's ("Ms. Doe") motion to proceed anonymously, which she also designated as a motion to seal, but for reasons discussed below, the Court will not consider that application.[1] Defendant Felician University ("Felician") opposes the motion.[2] The Court has reviewed the parties' respective submissions and heard oral argument on March 22, 2019. For the reasons set forth herein, Ms. Doe's motion to proceed anonymously is **DENIED**.

---

[1] (ECF Docket Entry ("D.E.") 16 & 18, Pl.'s Mot.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 19, Def.'s Opp'n).

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

In September 2018, Ms. Doe filed her complaint in this action under the pseudonym "Jane Doe."[4] This action arises from allegations that Ms. Doe was discriminated against on the basis of her creed, ancestry, and national origin in violation of the New Jersey Law Against Discrimination ("NJLAD") and Title VI of the Civil Rights Act of 1964 ("Title VI") while attending nursing school at Felician.[5] Ms. Doe is a Muslim woman of Palestinian descent who enrolled as a student in Felician's nursing program in 2014.[6] She alleges that she suffered discrimination, harassment and disparate treatment by Felician's faculty, staff and students.[7] She asserts that she reported the discrimination and harassment to Felician's faculty, administrators, and the human resources director, but Felician failed to take action.[8] Ms. Doe's complaint outlines her numerous allegations of discrimination and harassment.[9] Ms. Doe complains that she "was dropped from the nursing program and was unable to earn a nursing degree," and that her health "deteriorated tremendously" as a result of the discrimination and harassment.[10]

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Compl.).

[5] (*Id.*, at ¶ 1).

[6] (*Id.*, at ¶¶ 8–9).

[7] (*Id.*, at ¶ 10).

[8] (*See id.*, at ¶¶ 34, 55, 59).

[9] (*Id.*, at ¶¶ 12–88).

[10] (*Id.*, at ¶¶ 84, 86).

In January 2019, Ms. Doe filed her motion to proceed anonymously without a proper brief,[11] and the Court ordered counsel to "file a brief within 5 days or withdraw the application."[12] Counsel complied by filing a brief and titled the submission on ECF as a motion to seal and proceed anonymously.[13] However, the motion papers fail to address any documents sought to be sealed or any case law related to sealing.

In her motion, Ms. Doe reiterates claims of stalking, cyberbullying, and threats of physical violence by students and faculty at Felician.[14] Ms. Doe specifically recalls being called several derogatory names and receiving physical threats online by students.[15] Ms. Doe explains that Felician's failure to act "led to an environment where third-party individuals stalked and followed [her] and even called her home with threats," even after she no longer attended Felician.[16]

Ms. Doe contends that after filing her complaint in this Court, the details were published on NorthJersey.com, and an online Islamophobic blog known as Bare Naked Muslim picked it up.[17] Ms. Doe cites the blog as containing "harsh, hateful and bigoted rhetoric against Muslims and often promotes violence against Muslims."[18] As asserted by Ms. Doe, the specific blog post

---

[11] (D.E. 16, Pl.'s Mot.).

[12] (D.E. 17, Text Order).

[13] (D.E. 18, Pl.'s Mot.).

[14] (D.E. 18-3, Pl.'s Br., at 1).

[15] (*Id.*).

[16] (*Id.*; D.E. 18-1, Pl.'s Aff., at ¶ 6).

[17] (D.E. 18-3, Pl.'s Br., at 1).

[18] (*Id.*).

concerning her states, "Surely, she doesn't think her name can't be easily found in court the internet [sic]? If anyone has it, I will post it here."[19]

Ms. Doe argues that she should be permitted to proceed anonymously as she has been a victim of third-party threats and harassment, and needs to protect her mental health, her family, and the children under her care as a nanny.[20] Ms. Doe is concerned that once her name is revealed, individuals will "begin their campaign of harassment, threats, cyberbullying and physical harm."[21]

Felician opposes the motion and argues that Ms. Doe fails to present sufficient facts to demonstrate that she will be vulnerable to a reasonable threat of severe harm, and thus fails to overcome the presumption of open access to judicial proceedings.[22]

## II. **MAGISTRATE JUDGE AUTHORITY**

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[23] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[24] Motions to proceed anonymously are non-dispositive.[25] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[26]

---

[19] (*Id.*).

[20] (*Id.*, at 2).

[21] (*Id.*, at 3).

[22] (D.E. 19, Def.'s Opp'n, at 3–11).

[23] 28 U.S.C. § 636(b)(1)(A).

[24] L. Civ. R. 72.1(a)(1).

[25] *See Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950 (D.N.J. Aug. 7, 2018).

[26] 28 U.S.C. § 636(b)(1)(A).

### III. LEGAL STANDARD

Judicial proceedings are presumptively open to the public.[27] Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to identify themselves in their respective pleadings."[28] "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."[29] The use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings."[30] However, litigants may seek an exception to the general rule of public litigation. Courts have broad discretion to permit a litigant to use a pseudonym in exceptional cases where the litigant has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings.[31]

To proceed anonymously, the litigant must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."[32] The Court employs a balancing test to determine whether the litigant's reasonable fear of severe harm outweighs the public interest in an open judicial process.[33] The Third Circuit follows the balancing test outlined in *Doe v. Provident Life*

---

[27] *See* Fed. R. Civ. P. 10(a); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

[28] *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

[29] *Blue Cross*, 112 F.3d at 872.

[30] *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

[31] *See Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 371 n.2 (3d Cir. 2008); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quotation marks and citation omitted).

[32] *Megless*, 654 F.3d at 408 (quotation marks and citation omitted).

[33] *Id.* at 408.

*and Accident Insurance Co.*, 176 F.R.D. 464 (E.D. Pa. 1977).[34] Under the *Provident Life* test, the Court first considers the following factors that support the use of a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.[35]

Next, the Court considers the following factors that weigh against the use of a pseudonym:

> (1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.[36]

The Court recognizes that these factors are non-exhaustive, and that it must consider other "factors which the facts of the particular case implicate."[37]

Examples of cases where courts have allowed litigants to proceed under a pseudonym include those involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality."[38]

---

[34] *Id*. at 409–11.

[35] *Id*. at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).

[36] *Id*. (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).

[37] *Id*. (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 468).

[38] *Id*. at 408 (citation omitted).

## IV.     DISCUSSION & ANALYSIS

With those principles in mind, the Court begins with the factors that are aimed to support the use of a pseudonym. The Court first considers the extent to which Ms. Doe's identity has been kept confidential and finds that this factor weighs against the use of a pseudonym. Ms. Doe's identity has already been revealed on the public docket by her counsel when filing the motion to proceed anonymously in January 2019. The Court presumes that counsel attempted to rectify the inadvertent exposure by then filing a "motion to seal and proceed anonymously," but the motion is void of the applicable legal standard for a motion to seal and does not provide the Court with any basis to seal the filing.[39] Ms. Doe does not allude to any efforts she has made to maintain her confidentiality, other than filing her complaint under "Jane Doe." In fact, she waited nearly five months to file her motion to proceed anonymously. Ms. Doe fails to identify those with knowledge of her identity, yet in her complaint she details specific events and names individuals involved, leading the Court to presume that her identity has not been kept confidential. This factor weighs against Ms. Doe's desire to proceed anonymously.

The second factor is the basis upon which disclosure is feared or seeks to be avoided, and the substantiality of that basis. This is the only factor for which Ms. Doe develops an argument. Ms. Doe contends that public identification will result in exacerbated threats of physical violence and harassment from third-parties. She also raises concerns for her mental health and harm to herself, family, and the children under her care as a nanny. Ms. Doe makes these contentions by relying on telephone calls to her private residence prior to the filing of this lawsuit and an online blog post published after the filing of this lawsuit.

---

[39] The Court will not engage in further discussion concerning the motion to seal due to Ms. Doe's failure to further any argument. In any event, the deficient motion to seal is moot in light of the Court's ruling on the motion to proceed anonymously.

The blog post appeared on barenakedislam.com and is titled "NEW JERSEY: Muslim former nursing student sues CHRISTIAN university for 'Islamophobia' coming from the school administration."[40] It contains the author's rendition of this action, remarks concerning the author's personal opinion of Ms. Doe and other Muslims, and comments from the blog's readers. The blog is anti-Islam in nature, as its name is "Bare Naked Islam" and its contents speak for itself. The author and commenters reference their own religious convictions, beliefs, and opinions. The only language that Ms. Doe specifically cites in her papers is the author's statement that if anyone has Ms. Doe's name, he "will post it here."

"[A] court may disregard a comment, which is a threat on its face, because the context demonstrates frustration, a joke, or political commentary instead of a true intent to harm."[41] The disapproval and frustration voiced by some members of the public on the blog post do not amount to threats. Without question, the blog post and comments are filled with hate speech and offensive comments, but none of the language create a risk of retaliatory harm and do not threaten Ms. Doe. The Court is mindful that religion is the type of subject matter that has "a tendency to inflame unreasonably some individuals,"[42] and this blog provides some individuals with an outlet for their opinions. Although Ms. Doe alleges that the blog "often promotes violence against Muslims,"[43] this specific blog post is void of any such promotion either towards all Muslims or Ms. Doe individually. Ms. Doe fails to cite a specific, credible threat within the blog post. And the author's

---

[40] (D.E. 18-4, Ex. A).

[41] *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1044 (11th Cir. 2010) (citing *Watts v. United States*, 394 U.S. 705, 706–07 (1969)).

[42] *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 738 (W.D. Va. 2012) (quotation marks and citation omitted).

[43] (D.E. 18-3, Pl.'s Br., at 1).

statement that if anyone knows Ms. Doe's identity, he or she will post it on the blog does not qualify as a substantial threat warranting protection.

Notably, at the initial pretrial scheduling conference in March 2019, Ms. Doe's counsel represented that since the inadvertent exposure of Ms. Doe's identity on the public docket in January, Ms. Doe has not received any new threats and no additional blog posts have been made. This diminishes Ms. Doe's fear that "Islamophobes" are waiting for her name to be revealed "so that they can begin their campaign of harassment, threats, cyberbullying and physical harm."[44] Ms. Doe fails to demonstrate she will be further threatened or harassed if she is denied anonymity. This factor weighs against the use of a pseudonym.

Next, the Court considers the magnitude of the public interest in maintaining Ms. Doe's confidentiality. The question here is "if this litigant is forced to reveal . . . her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?"[45] There is no evidence that requiring Ms. Doe to reveal her name will deter other similarly situated plaintiffs from suing in the future. The Court notes that "the current political climate" does not make Ms. Doe a member "a particularly vulnerable class,"[46] nor does she argue that she is such a member. The Court is mindful that the subject matter of this litigation is highly personal as it involves religious beliefs,[47] but religion does not lie at the heart of this case.[48] The Court finds this factor very slightly favors anonymity.

---

[44] (*Id*., at 3).

[45] *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011).

[46] *See Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *5 n.3 (D.N.J., Aug. 7, 2018).

[47] *See id.* at *5 n.4.

[48] *Contra Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012).

Fourth, the Court considers whether there is an atypically weak public interest in knowing Ms. Doe's identity given the purely legal nature of the issues presented. "When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants."[49] Here, the issues presented are not purely legal but instead largely fact-dependent. The dispute concerns Felician's actions in relation to Ms. Doe's allegations.[50] This factor does not weigh in Ms. Doe's favor.

The fifth factor focuses on whether Ms. Doe will sacrifice a potentially valid claim simply to preserve her anonymity.[51] Like many of the factors, Ms. Doe fails to address this factor and does not assert that she may be deterred from pursuing this action if she is forced to be publicly identified. The Court has no basis to find that she would not pursue this action, and thus this factor weighs against Ms. Doe's request.

The sixth factor concerns whether Ms. Doe is seeking to use a pseudonym for illegitimate ulterior motives. Here, Felician does not make any such allegations, so this factor supports Ms. Doe's request.

The Court now examines the remaining three factors disfavoring the use of a pseudonym. The seventh factor concerns the universal level of public interest in access to Ms. Doe's identity. The public has a well-recognized right to know who is using the courts.[52] This factor weighs against Ms. Doe's motion.

For the eighth factor, the Court considers whether, because of the subject matter of the

---

[49] *Rider Univ.*, 2018 WL 3756950, at *6.

[50] *See id.*

[51] *Megless*, 654 F.3d at 410.

[52] *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing Ms. Doe's identity, beyond the public's interest which is normally obtained. This litigation concerns the actions of a private college related to alleged discrimination and harassment of a non-public figure. The disclosure of Ms. Doe's identity is not particularly heightened nor mandatory. Thus, this factor weighs in favor of anonymity.

Lastly, the Court considers whether Felician's motivation in opposing Ms. Doe's motion is illegitimate. Amongst other arguments, Felician argues that it would be unfair to permit Ms. Doe to proceed anonymously when Ms. Doe personally identified Felician's employees in her complaint. The Court finds that Felician's concerns are not illegitimate and as a result, this factor weighs against Ms. Doe's request.

After balancing these factors, the Court finds this to be a close call; however, the factors ultimately tip against permitting Ms. Doe to proceed anonymously. The Court finds that the public interest in this litigation remaining an open judicial proceeding outweighs Ms. Doe's private interests in proceeding anonymously.

## V.    CONCLUSION

For the reasons set forth herein, the Court **DENIES** Ms. Doe's motion to proceed anonymously. Ms. Doe shall file an amended complaint disclosing her true identity.

An appropriate Order follows.

# ORDER

**IT IS** on this Wednesday, May 15, 2019,

1. **ORDERED** that Ms. Doe's motion to proceed anonymously is **DENIED**; and it is further

2. **ORDERED** that Ms. Doe shall file an Amended Complaint within seven (7) days disclosing her true identity.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/15/2019 12:56:41 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc:    All parties
        File